UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOAN KHATTAB        :
                    :
    v.              :     C.A. No. 14-261ML
                    :
SMITH BARNEY, et al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is the Motion for Summary Judgment (Document No. 21) filed by Defendants Citigroup, Inc. and Citigroup Global Markets, Inc. (collectively the "the Citigroup Defendants"). Plaintiff opposes the Motion. (Document No. 23).

**Background**

Plaintiff initiated this gender discrimination and retaliation case in state court. She sues under the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1. On June 10, 2014, Defendants Morgan Stanley Smith Barney LLC, Morgan Stanley Smith Barney Holdings LLC, Morgan Stanley Smith Barney and Morgan Stanley Wealth Management (collectively "Morgan Stanley") removed the case to this Court based on diversity of citizenship (Document No. 1). The Citigroup Defendants consented to removal on June 11, 2014 as required by 28 U.S.C. § 1446(b)(2)(A). (Document No. 4).

Plaintiff alleges that she was "employed continuously" as a Financial Advisor by "Smith Barney and its successors or related business entitles or ventures" including the Citigroup and Morgan Stanley Defendants from 1987 to 2011. (Document No. 1-2 at pp. 1-2). Plaintiff directs

her allegations collectively at all Defendants and asserts that she is "not aware of and has been unable to ascertain the precise legal relationships between the various named Defendants" and "[o]ut of an abundance of caution,...identifies all legal entities and related ventures that may hold liability" for the discriminatory acts alleged. Id. at p. 2. Plaintiff alleges that she was subjected to "a long and painful campaign of harassment, discrimination, and retaliation, which culminated in her unlawful discharge on January 31, 2011." Id. at p. 6.

**Discussion**

In the instant Motion, the Citigroup Defendants argue that any claims against them are time-barred based on RICRA's three-year statute of limitations. See R.I. Gen. Laws § 42-112-2. As support, they assert that Plaintiff's employment with Citigroup ended as of May 31, 2009 and that her January 30, 2014 Complaint in this case is time-barred as to Citigroup. They assert that, on June 1, 2009, Citigroup and Morgan Stanley launched a joint venture known as Morgan Stanley Smith Barney Holdings LLC ("MSSB") of which Morgan Stanley initially had a controlling 51% interest and Citigroup a non-controlling 49% interest. Declaration of Eugene Clark, ¶ 2. Between June 1, 2009 and 2013, Citigroup's minority interest in MSSB declined from 49% to 0%. Id. In 2013, Morgan Stanley took full ownership of MSSB and changed the name to Morgan Stanley Wealth Management. Id. at ¶ 3. Citigroup asserts that Plaintiff's employer after May 31, 2009 was Defendant Morgan Stanley Smith Barney LLC, a subsidiary of Morgan Stanley Smith Barney Holdings LLC – the joint venture. Plaintiff cannot, at this pre-discovery stage, effectively dispute any of these underlying facts (see Document No. 24); however, she does dispute the legal effect of this joint venture transaction on her employment status and the claims made in this case. Id. ¶¶ 3 and 6.

As an initial matter, Plaintiff seeks relief under Rule 56(d), Fed. R. Civ. P. She requests that the Court "delay consideration" of the instant Motion pending fact discovery. Rule 56(d) protects a party opposing a summary judgment motion who for valid "specified reasons" "cannot present facts essential to justify its opposition." In such cases, the Court has the discretion to deny the Motion or defer consideration of the motion to allow time for discovery. Plaintiff argues that "[i]n order to fairly and properly respond to Defendant's Motion, Plaintiff requires discovery regarding the following matters:" (1) whether the Citigroup Defendants had the right to or exercised any direction, control, or influence over the joint venture and/or the terms and conditions of Plaintiff's employment; (2) whether the Morgan Stanley Defendants assumed in the joint venture transaction the Citigroup's liability for unlawful acts predating the joint venture, or whether the Citigroup Defendants retained any liability for such acts; and (3) the Citigroup Defendants' pattern of discriminatory treatment during the liability period. See Document No. 23-2 (Friedman Declaration).

Plaintiff sues under RICRA, R.I. Gen. Laws § 42-112-1. RICRA "provides broad protection against all forms of discrimination in all phases of employment." Ward v. City of Pawtucket Police Dep't, 639 A.2d 1379, 1381 (R.I. 1994). Although RICRA grants a right of action and broad remedies to an aggrieved person, R.I. Gen. Laws § 42-112-2, it "does not say from whom the damages may be sought." Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 573 (D.R.I. 1996) (holding that RICRA must be read "as broadly as possible – which means that if individuals discriminate in ways that violate the statute, then they must be liable under it").

Here, the Citigroup Defendants narrowly argue that they cannot be held liable under RICRA because they were not Plaintiff's "employer" at any time during the three-year period preceding the

filing of the Complaint. However, their argument is based on the false premise that only an "employer" can be held liable under RICRA. As previously noted, RICRA does not limit potential liability to employers and has been broadly construed to extend liability to any individuals who discriminate in ways that violate the statute. See Iacampo, supra. Although not limited to racial bias, RICRA is plainly an analog to 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. Neither RICRA nor § 1981 expressly limit liability to employers. In addition, it is well established under § 1981 that liability can extend to third parties who intentionally infringe upon rights protected by the statute. See White v. Pacifica Found., 973 F. Supp. 2d 363, 374 (S.D.N.Y. 2013) (holding that a third party may be liable under § 1981 if it intentionally interferes with another's rights under the statute "regardless of whether the employer or anyone else may also be liable"); Hargett v. Metro. Transit Auth., 552 F. Supp. 2d 393, 407 (S.D.N.Y. 2008) (holding that directors, officers and employees of a corporation may be held individually liable when they intentionally cause infringement of rights protected by § 1981); and Al-Khazraji v. Saint Francis Coll., 784 F.2d 505, 518 (3rd Cir. 1986) (holding that liability under § 1981 may attach to individuals personally involved in discrimination, individuals who intentionally caused another to infringe on someone's § 1981 rights and individuals who authorized, directed, or participated in the discrimination).

The Citigroup Defendants rely primarily upon a 2002 unpublished opinion of an intermediate California appellate court. See Mitchell v. Integretel, Inc., No. H021678, 2002 WL 370218 (Cal. Ct. App. March 6, 2002). They argue that Mitchell supports the proposition that the continuing violation doctrine cannot be used to resuscitate time-barred claims against a previous separate employer. In Mitchell, the plaintiff brought suit alleging sexual harassment and retaliation in

violation of California's Fair Employment and Housing Act. She named her two most recent employers as defendants.

The earlier of the two employers moved for summary judgment arguing that the plaintiff's claims against it were time-barred since her employment ended outside the applicable limitations period. In response, the plaintiff unsuccessfully invoked the continuing violation doctrine.[1] The California Court of Appeal held that the evidence did not raise a triable issue of fact regarding "whether the alleged acts of sexual harassment were sufficiently similar or related to form a continuing violation" and found evidence of a "variety of separate incidents that involved a number of individuals at various times and that occurred under different employers." Mitchell, supra at *2 (emphasis added). The Court concluded that "[a]bsent evidence showing a sufficient legal relationship between her employers, [the plaintiff's] changes of employer establishes a disconnection between the various incidents of alleged sexual harassment for the purpose of determining whether there is a continuing violation." Id. at *6. (emphasis added). The Court found that the plaintiff's subsequent employment was a "separate period of employment" and observed that neither employer held an ownership interest in the other. Id. The second employer was noted to be a "separate corporation" whose clients included the prior employer. Id. at *6.

I do not find that Mitchell warrants summary judgment in favor of the Citigroup Defendants at this early stage of the case. First, Mitchell was not decided in the context of § 1981 or a state law analog. It was decided under the California Fair Employment and Housing Act, Cal. Gov't Code § 12940, which outlaws certain "unlawful employment practices" committed by employers. See

---

[1] "The continuing violation doctrine is an equitable exception that allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is some violation within the statute of limitations period that anchors the earlier claims." O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001).

Rohm v. Homer, 367 F. Supp. 2d 1278, 1285 (N.D. Cal. 2005) (individuals who do not qualify as "employers" may not be sued under the FEHA for alleged discriminatory acts).  Second, Mitchell was decided on a full evidentiary record which did not reveal evidence showing a "sufficient legal relationship between [the plaintiff's] employers" to support a continuing violation claim.

Here, pretrial discovery has not commenced, and the Court has not held a Rule 16 scheduling conference or issued a Rule 16 scheduling order.  Plaintiff alleges that the Citigroup Defendants had a continuing interest in the MSSB joint venture, and seeks discovery to understand the legal relationship between the Citigroup Defendants and the Morgan Stanley Defendants as well as the extent of the Citigroup Defendant's direction, control or influence over the joint venture and/or the terms and conditions of Plaintiff's employment.  Plaintiff has made a sufficient showing under Rule 56(d) to warrant denial of the instant Motion for Summary Judgment.  Before the Court rules on this issue, Plaintiff is entitled to obtain discovery regarding these factual issues and the assertions made in the Clark Declaration (Document No. 22-1) which are relied heavily upon by the Citigroup Defendants.  Given the broad range of potentially liable parties under RICRA, the Citigroup Defendants have not presently shown an entitlement to judgment in their favor as a matter of law or the complete absence of factual issues that would justify denial of a fair opportunity to Plaintiff to conduct relevant discovery prior to the Court ruling on this issue.

**Conclusion**

For the foregoing reasons, I recommend that the Citigroup Defendants' Motion for Summary Judgment (Document No. 21) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 25, 2015